FARMER, J.
 

 In this violation of probation case, the defendant challenges the search resulting in his charge of trafficking and possession of cocaine. The facts are thus.
 

 The FBI asked Police to stop and detain a man in a described van on 1-75. The man was the subject of at least three pending warrants. Police stopped the van heading north on the highway. The driver identified one of the passengers seated behind him as the man police were seeking. Police removed the man from the vehicle and detained him.
 

 There were nine other passengers in the van. Luggage for the passengers was placed in the rear. To retrieve baggage from the rear, the driver had to leave the passenger compartment and walk around to the rear and open the rear door. The driver pointed to one of the bags and stated that the detained passenger had brought it onto the van. The passenger also identified it as his bag. Police took the man and the bag to the station and conducted a search. Inside the bag were articles of clothing and personal care and also a box containing two bricks of cocaine wrapped in black tape. The quantity was sufficient to charge him with trafficking.
 

 Defendant argues that the State failed to prove that the cocaine was his and not one of the other passenger’s. He argues that the issue involves constructive possession and that the State failed to adduce proof that the other passengers in the van did not place the contraband in his bag.
 

 The evidence does not support this argument. Nothing in the evidence suggests that the luggage area and bag were accessible by the other passengers in the van. Nothing suggests how a passenger might have been able to place the bricks inside the box into another passenger’s luggage located in the rear of the van.
 

 Whether property in a vehicle was accessible to other persons in the same vehicle is a factual matter. On appeal we are required to assume that the trial judge’s decision resolved all factual issues in favor of the ultimate decision. The trial judge considered the description of the incident, the circumstances and layout of the van, given by the driver and the police. The result means that the court necessarily concluded that the bag was not accessible to anyone else in the van and that defendant was in sole dominion and control of his own luggage placed in the rear of the van. We agree with the State that a reasonable view of the evidence could exclude an issue of constructive — as opposed to actual — possession.
 

 Affirmed.
 

 GROSS, C.J., and POLEN, J., concur.